UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 14, 2006
Decided April 18, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 05-4720

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States |
| *Plaintiff-Appellee,* | District Court for the |
| | Central District of Illinois |
| v. | |
| | No. 03-20042 |
| CLEO C. ROSS, | |
| *Defendant-Appellant.* | Michael M. Mihm, *Judge.* |

**O R D E R**

In June of last year, we vacated Cleo Ross's conviction and remanded the case to the district court for a new trial. See United States v. Ross, 412 F.3d 771 (7th Cir. 2005). Once back in the district court, Ross resolved the charge against him by pleading guilty pursuant to a plea agreement wherein he waived his right to appeal. He received a sentence of 96 months, 19 months less than the sentence he received the first time around.

Despite the appeal waiver, Ross appealed again, and the case is now before us on his attorney's motion to withdraw under Anders v. California, 386 U.S. 738 (1967), because he is unable to find a nonfrivolous issue to pursue. Ross has not filed a response to the motion pursuant to Circuit Rule 51(b).

Upon reviewing the record, we grant counsel's motion to withdraw. Ross entered into an unconditional, knowing, and voluntary plea of guilty pursuant to a written plea agreement, and he has not moved to withdraw the plea in the district court. Nor does he seek to challenge his plea on appeal. Moreover, as we just noted, Ross explicitly waived the right to appeal in his plea agreement. Therefore, any argument challenging Mr. Ross's conviction would be frivolous. In addition, even if Mr. Ross's appeal waiver were not valid, or if his plea agreement did not contain an appeal waiver, his sentence was lawfully imposed by the district court. Any challenge to his sentence based on a claim of unreasonableness would be futile.

Accordingly, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.